# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 6, 2022

Lyle W. Cayce
Clerk

No. 21-10895
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

THOMAS REEDY,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CR-54-1

Before KING, COSTA, and HO, *Circuit Judges.*

PER CURIAM:*

Thomas Reedy, federal prisoner # 25673-177, appeals the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Reedy argues that the district court abused its discretion in denying his request for compassionate release, which was based not on a medical condition but on

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-10895

assertions that his life sentence was excessive given the nature of his offense. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

The district court concluded that Reedy's arguments regarding a violation of *United States v. Booker*, 543 U.S. 220 (2005), and a disproportionately harsh sentence did not rise to the level of extraordinary and compelling reasons warranting relief. Reedy's contentions to the contrary are insufficient to show that the district court abused its discretion in denying his motion for compassionate release. *See Chambliss*, 948 F.3d at 693. Although the district court declined to consider Reedy's assertion that the district court miscalculated the amount of pecuniary gain for purposes of determining the relevant guidelines range, he cites no authority in this circuit suggesting that a district court can grant a § 3582(c)(1)(A) motion for compassionate release and reduce a prisoner's sentence on the basis of alleged errors in the calculation of the guidelines range that were considered and rejected on direct appeal. To the extent that Reedy raises arguments for the first time on appeal and seeks to rely on evidence that he did not present to the district court, we decline to consider these matters. *See Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999).

Accordingly, the judgment of the district court is AFFIRMED.